**FILED**

UNITED STATES DISTRICT COURT

JUN 2 2 2006

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| CARL RELF, | CIV. 06-4081 |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION TO PARTIALLY DISMISS UPON SCREENING |
| ROD OSWALD, Assistant Attorney General; PAT WEST, Agent for Criminal Investigations in his official and unofficial capacity; DOUGLAS WEBER, Warden, South Dakota State Penitentiary, in his official and unofficial capacity, | |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. Plaintiff was previously granted *in forma pauperis* status. (Doc.9). His complaint has been screened pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) & (2) as is required by law. For the reasons stated below Plaintiff's Complaint against the defendants in their official capacities is **RECOMMENDED** for dismissal with prejudice for failure as a matter of law to state a claim upon which relief can be granted. Mr. Relf's complaint against the defendants in their individual capacities has been ordered to be served upon the defendants.

## BACKGROUND

Mr. Relf alleges that he was attacked by another inmate, Mike Cook, on April 23, 2006. His jaw was fractured in three places, wired shut at the hospital, and he suffered other injuries as well. He alleges the attack was the result of his being labeled a snitch for having revealed to the

prosecution certain information about conversations he had with Tory Teigen while both were incarcerated in the Pennington County Jail, Rapid City, South Dakota. While Mr. Relf was not called as a witness in Mr. Teigen's case, his name was revealed to Mr. Teigen as a possible witness and notes that Mr. Relf made about their conversations were given to Mr. Teigen during discovery before Mr. Teigen's trial. Mr. Teigen was convicted and sentenced to 100 years and incarcerated at the South Dakota State Penitentiary. Mr. Teigen told others in the South Dakota State Pennitentiary about Mr. Relf being a potential witness in Teigen's case, told others that Mr. Relf had provided information to the prosecution in Teigen's case, and showed others the documents which established Mr. Relf as a snitch. Mr. Relf also gave information to the State about meth dealers in Rapid City. Mr. Teigen showed documents to inmate Stunes about Mr. Relf's involvement in Mr. Teigen's case and Stunes wrote a letter to inmate Mike Cook's mother, who passed the information to Mike Cook. As a result, Mr. Relf alleges, orders were given by inmates at the penitentiary "on what to do with me."

Mr. Relf has also alleged in a supplement to the complaint (Doc. 6) that he was attacked again on May 11, 2006.

Mr. Relf alleges that Assistant Attorney General Rod Oswald and an unnamed Division of Criminal Investigation Agent, presumed to be defendant Pat West, assured Mr. Relf that he would be protected from Tory Teigen and that he would never be housed in the same city as Mr. Teigen. Also, Mr. Relf's alleges they promised him safety. Lt. Miller of Special Security talked to Mr. Relf about these circumstances. Also on April 21, 2006, Mr. Relf sent a kite to Lt. Miller about these occurrences and that Mr. Relf needed to talk to him as soon as possible. Mr. Relf alleges that Pat West, Rod Oswald, and Douglas Weber deprived him of his constitutional rights by being deliberately indifferent. He has named all defendants "in his official and unofficial capacity."

2

For relief Mr. Relf's itemizes nine items:

1. A jury trial.

2. That defendants' "practices and customs be reviewed by a superior or supervising government body."

3. That appropriate action be taken by defendants' supervisors to "assure that like negligence does not happen again by defendants."

4. "The defendant's caused plaintiff to suffer physical and emotional and psycological (sic) pain, and suffering."

5. "The defendants caused plaintiff to be subjected to a hostile environment at the South Dakota State Penitentiary."

6. That all legal costs should be paid by defendants.

7. That compensatory damages in the amount of $30,000 should be awarded to plaintiff.

8. That punitive damages in the amount of $60,000 should be awarded to plaintiff.

9. "Plaintiff requests relief under the Eighth Amendment."

## ANALYSIS

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must assume as true all facts well pled in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) cert. den., 513 U.S. 829, 115 S.Ct. 100, 130 L.Ed.2d 49 (1994). If it does not, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

". . .[T]he Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates [and] . . . to protect prisoners from violence at the hands of other

prisoners." Pagels v. Morrison, 335 F.3d 736, 740 (8th Cir. 2003) citing Farmer v. Brennan, 511 U.S. 825, 832-833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "A government official violates the Eighth amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." Berry v. Sherman, 365 F.3d 631, 634 (8th Cir. 2004)(internal citation omitted)(emphasis added).

State officials sued for monetary relief in their official capacities are not "persons" subject to § 1983 liability because suits against these people in their official capacities are in reality suits against the state itself. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 & 70, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Nebraska District Judge Knopf said it this way:

> A suit against a public employee in his or her official capacity is actually a suit against the public employer. Therefore, a claim against a state employee, in his or her official capacity, is in reality a claim against the state itself, as the entity that employs the officer.
>
> State sovereign immunity, recognized and preserved by the Eleventh Amendment to the U.S. constitution, prohibits a plaintiff from suing a state, state agency or state employee in the employee's official capacity, except insofar as the state or the Congress of the United States has abrogated the state's sovereign immunity. Absent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability. Eleventh Amendment jurisprudence is well-settled: a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."

Carrera v. Nebraska Department of Correctional Services, 2005 WL 2042305 *2 (D.Neb.)(internal citations and quotations omitted).

Suits for injunctive relief against state officials in their official capacities are cognizable under § 1983 because such actions are not treated as actions against the state. Kentucky v. Graham, 473 U.S. 159, 166, 167 n.14 (1985). Mr. Relf has not, however, requested injunctive relief. The closest he came to requesting injunctive relief was his request that appropriate action be taken by defendants' supervisors to "assure that like negligence does not happen again by defendants."

4

Since the claims for money damages against the officers of the state in their official capacities are barred by sovereign immunity, and since there is no claim for injunction against them, the allegations against the state officers in their official capacities fail as a matter of law to state a claim upon which relief can be granted. The allegations against the defendants in their official capacities, therefore, should be dismissed with prejudice.

## CONCLUSION

The claims made by Mr. Relf against the defendants in their official capacities should be dismissed for failure to state a claim upon which relief can be granted. The suit against them in their individual capacities survives screening and service of the claims against the defendants in their individual capacities has been allowed. A separate Order has simultaneously been filed directing service of the complaint and associated filings to be made on the individual defendants in their individual capacities.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this _22_ day of June, 2006.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

5